JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SAMAR ABDELGHANY, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>SOUTHERN CALIFORNIA EDISON COMPANY, *et al.*, <br><br>Defendants. | Case No.: SACV 21-00804-CJC(KESx) <br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT [Dkt. 16] |

On April 14, 2021, Plaintiffs filed the instant action in Orange County Superior Court against Defendants Southern California Edison Company, Edison International, T-Mobile, USA Inc., and unnamed Does asserting a number of claims relating to a fire purportedly caused by Southern California Edison's powerlines in October 2020. (Dkt. 1-1 [Complaint].) Defendants subsequently removed the case to this Court based

on a reference to "the Fifth Amendment to the U.S. Constitution" in Plaintiffs' Complaint.  (Dkt. 1 [Notice of Removal]; *see* Compl. ¶¶ 34, 43.)  On May 14, 2021, Plaintiffs amended their Complaint and removed all references to the Fifth Amendment, leaving only state law claims.  (Dkt. 12 [First Amended Complaint].)  Now before the Court is Plaintiffs' motion to remand the case to Orange County Superior Court.  (Dkt. 16.)  Plaintiffs assert that their original Complaint mistakenly referenced the Fifth Amendment and that they never intended to pursue any federal claims.  (*Id.* at 2.)

Because Plaintiffs filed an amended complaint which eliminated their sole federal claim, the cause of action on which the Court's original jurisdiction rested is now gone.  *See Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1209 (C.D. Cal. 2013).  A district court may decline "supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  "Under § 1367(c)(3), therefore, the [C]ourt can properly exercise its discretion to remand the supplemental state law claims."  *Horne*, 969 F. Supp. 2d at 1209–10.  In exercising this discretion, courts are instructed to consider the factors of "judicial economy, convenience and fairness to litigants."  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  These factors weigh strongly in favor of remand where all federal claims are dismissed before trial.  *See Horne*, 969 F. Supp. 2d at 1207–08, 1210; *see also Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1119 (N.D. Cal. 2002) (noting that "[t]he factor of comity also weighs strongly in favor of remand" when "plaintiff now proceeds exclusively on his state claims"); *Bay Area Surgical Mgmt. v. United Healthcare Ins. Co.*, 2012 WL 3235999, *5 (N.D. Cal. Aug. 6, 2012) (court declined to exercise supplemental jurisdiction and remanded the case "in the interests of judicial economy, convenience, fairness, and comity," when "the federal claims were eliminated at the pleading phase").  While there is a motion for judgment on the pleadings pending before the Court, this Court has yet to make a substantive ruling in this case.  Accordingly, Plaintiff's motion to remand is **GRANTED** and the Court

**REMANDS** the case to Orange County Superior Court.[1]  Defendants' motion for judgment on the pleadings, (Dkt. 25), is **DENIED AS MOOT**.

DATED: June 11, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  See Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for June 21, 2021, at 1:30 p.m. is hereby vacated and off calendar.